# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:04-cr-0208-RLH-PAL |
| vs. ) | **O R D E R** |
| ) | (Motion Under § 2255–#93) |
| PAUL KLEIN, ) | |
| Defendant. ) | |

Before the Court is Defendant Klein's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#93, filed September 29, 2008). The Government filed its Opposition (#97) on November 6, 2008, and the matter was submitted for decision. The Motion will be denied.

## FACTS

Following a plea of guilty, on December 19, 2005, this Court sentenced Defendant to two concurrent terms of 70 months' imprisonment for (1) Count One, "Possession of Machine Guns," and (2) Count Four, "Felon in Possession of a Firearm."

On April 20, 2007, the Ninth Circuit Court of Appeals issued a memorandum opinion affirming the Judgment and sentence. On May 14, 2007, the Ninth Circuit entered its Judgment affirming the judgment and sentence.

Defendant petitioned the Supreme Court for certiorari, which was denied on October 9, 2007. This Motion follows.

The stated grounds for this motion are (A) the convictions were obtained in violation of the Double Jeopardy Clause of the United States Constitution, and, (B) ineffective assistance of trial counsel because of failure to file a double jeopardy motion or a Speedy Trial Act motion.

## STANDARD OF REVIEW

To prevail on his ineffective assistance of counsel claims, Defendant must show that: 1) his attorney's performance "fell below an objective standard of reasonableness," and 2) his counsel's deficient performances prejudiced his defense. *Strickland v. Washington,* 477 U.S. 668, 687-88 (1984). A defendant who has "fail[ed] to satisfy either the deficient performance or the prejudice prong of the *Strickland* test has failed to make a claim for ineffective assistance of counsel." *United States v. Molina* 934 F.2d 144, 1447 (9th Cir. 1991). Defendant's claims fail both prongs of the *Strickland* test. The performance of Defendant's appellate counsel did not fall below an objective standard of reasonableness nor did counsel's actions prejudice his defense.

To satisfy the deficient performance prong of the *Strickland* test, the representation afforded Defendant by his appellate counsel must fall "below an objective standard of reasonable-ness." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687-88), *cert. denied* 519 U.S. 848. "Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Quintero-Baraza* 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at 690). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, "counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. At 690. A court reviewing counsel's conduct must strive "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. At 699. The court "'must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct.'." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995)

(quoting *Strickland*, 466, U.S. at 690).

In addition to demonstrating unreasonableness, the Defendant must also establish prejudice by showing that there is "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Quintero-Barraza*, 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court " need not determine whether counsel's performance was deficient . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id*. At 697.

## DISCUSSION

I. PROCEDURAL DEFAULT

Defendant Klein failed to raise on direct appeal either his "Double Jeopardy" or his "Speedy Trial" arguments. Where a defendant does not include a particular issue on direct appeal, that issue is deemed "defaulted" and cannot–absent unusual circumstances–be raised under Section 2255. *See, Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"). Citing *United States v. Frady*, 456 U.S. 152 (1982), Justice Scalia has explained:

> [A] prior opportunity for full and fair litigation is normally dispositive of a federal prisoner habeas claim. If the claim was . . . not raised [on direct appeal], it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations (*e.g.*, actual innocence or cause and prejudice. . . .).

*Withrow v. Williams*, 507 U.S. 720-721 (1993) (Scalia, J., concurring).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under Section 2255 only if they demonstrate: (1) sufficient "cause" for the default; and (2) "prejudice" resulting from it. *See Bousley v. Untied States*, 523 U.S. 614, 622 (1998). Klein has not established "cause" for his default, and non appears in the record. To the contrary, Klein's "Double Jeopardy" and "Speedy Trial arguments were available in 2005, if they exist at all, and they could have been raised on direct appeal. He failed to do so, and he cannot do so now. He cannot get two

3

1  bites of the appeal apple.  He provides no reason that the issues could not have been raised on
2  appeal.  He does not argue actual innocence, nor does he explain how he was prejudiced other than
3  his plea of guilty, which was made voluntarily.
4  II.  DOUBLE JEOPARDY
5              Defendant Klein's claim for double jeopardy is without basis and completely
6  misrepresents the facts.  Klein claims that the weapons in question were discovered during a search
7  incident to a condition of his supervised release on a case before the Honorable Kent J. Dawson, or
8  during a search pursuant to a warrant following the discovery by the probation officer.  He further
9  argues that he was found not guilty of the weapons charges at the hearing on the petition charging
10 him with violations of his supervised release.  Because the charges in this case involve those same
11 firearms, the charges in this case, he alleges, amount to double jeopardy because he was previously
12 found not guilty of those same charges before Judge Dawson.
13             His claim is false and without a factual basis.  He was charged with violation of the
14 conditions of release and the petition did include the possession of the firearms in question.
15 However, prior to the resolution of the violation petition, he was indicted in this case on the firearms
16 charges.  Therefore, at the hearing on the violation of supervised release, pursuant to an agreed
17 resolution, he admitted to another violation of supervised release and the charges relating to the
18 firearms were not pursued since they were the subject of an indictment.  Klein, himself, acknowl-
19 edges this when he states that as to the violation he admitted to, he was given credit for time served.
20             There was NO finding of not guilty of the firearms charges by Judge Dawson, nor
21 any acquittal, at the hearing on the violations of supervised release.  In fact there was no finding
22 whatsoever on those charges.  That hearing occurred five days after the indictment in this case was
23 filed.  No jeopardy attached.  Furthermore, the subject of the hearing before Judge Dawson was
24 whether he violated the conditions of his release, not whether he was guilty of possession of a
25 machine gun in violation of 18 U.S.C. § 922(o)(1), or whether he was guilty of being a felon in
26 possession in violation of 18 U.S.C. § 922(g)(1).  The violations of release and the statutory

4

possession violations are for different offenses and require different elements of proof and different standards of proof. Thus Klein's claim of double jeopardy is without merit and his attorney's failure to raise the issue does not constitute ineffective assistance of counsel. Counsel was effective in insuring that Klein avoided the potential enhancement of the sentence in this case by avoiding a finding of a violation on those elements of the violation petition before Judge Dawson.

III.  SPEEDY TRIAL VIOLATIONS

Defendant Klein's arguments about violations of his Speedy Trial rights are also disingenuous. The record of this case shows that every delay in the trial was at the request of Defendant. They are based upon, among other things, the fact that the Defendant had hearings in California, or that his attorney had hearings in California, or that his attorney had filed a motion for suppression, etc. The only continuance obtained by the Government was for an extension of a week to respond to one of Defendant's motions, and that continuance did not affect the trial date.

Defendant continued his delaying tactics by repeatedly continuing his change of plea. Every stipulated continuance was supported by good and sufficient reasons and necessitated by the needs of Defendant and/or his counsel. Throughout this period, Klein was released on bond, and at one point even asked permission to travel outside the District of Nevada, which was granted. Furthermore, none of the delays were long, certainly no longer than that requested by Defendant. There is no showing of prejudice to Defendant. In fact, he is the one who requested and benefitted from the delays.

In evaluating possible violations of the Speedy Trial Act, the Court considers (1) whether the delay was uncommonly long, (2) whether government or defendant is more to blame for delay, (3) whether defendant asserted right to a speedy trial, and (4) whether defendant suffered prejudice as a result of delay. *See Doggett v. United states*, 505 U.S. 647, 651 (1992); *see, also, United States v. Valentine*, 783 F.2d 1413, 1416 (9th Cir. 1986). Defendant meets none of these criteria.

////

1    Accordingly, Klein's allegations of violation of the Speedy Trial Act are without merit and counsel's failure to raise this issue does not demonstrate ineffective assistance of counsel. In fact, several of the delays in the change of plea involved his counsel negotiating for more favorable plea agreement provisions and demonstrate counsel's effectiveness and pursuit of Defendant's interests and rights.

For all the reasons stated above, Defendant Klein's Motion is without merit.

IT IS THEREFORE ORDERED that Defendant Klein's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#93) is DENIED.

Dated: November 25, 2008.

_____
**Roger L. Hunt**
**Chief United States District Judge**